QUESTION:
Does a statute requiring a member of the Southwest Florida Water Management District governing board to serve as ex officio chairman of a subordinate water basin board violate Art. II, s. 5(a), State Const., which prohibits dual officeholding among state, county, and municipal officeholders?
SUMMARY:
A statute which requires a member of the Southwest Florida Water Management District governing board to serve as ex officio chairman of a subordinate water basin board, does not violate Art. II, s. 5(a), State Const., prohibiting dual officeholding among state, county, and municipal officeholders.
Article II, s. 5(a), State Const., provides in pertinent part as follows: "No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . ."
It has long been a settled rule in this state that, assuming a particular officeholder is subject to the dual officeholding prohibition of Art. II, s. 5(a), supra (formerly Art. XVI, s. 15, State Const. 1885), a legislative designation of that officer to perform ex officio the function of another or additional office is not a holding of two offices at the same time in violation of the Constitution, provided the duties imposed are consistent with those being exercised. Whittaker v. Parsons, 86 So. 247, 252 (Fla. 1920). Accord: State ex rel. Gibbs v. Gordon, 189 So. 437, 440
(Fla. 1939). In the Gibbs case, it was held not to be dual officeholding for the members of the Board of County Commissioners of Duval County to serve as ex officio members of the governing board of the Duval County Air Base Authority. Again, in Miller v. Davis, 174 So.2d 89 (Fla. 1965), it was ruled that a statute requiring justices of the peace to act as judges of the small claims courts did not violate the dual officeholding proscription, since the statute was merely a legislative instruction to the justices of the peace to act "ex officio in other capacities not inconsistent with the duties of their office."
Similarly, in the instant situation, the chairman of the basin board is merely a member of the district's governing board acting ex officio in another capacity. See Chs. 61-691 and 73-190, Laws of Florida. Moreover, it does not appear that the jobs of district governing board member and basin board ex officio chairman are inconsistent or incompatible. To the contrary, it would seem that the legislature structured this "overlapping" membership on the basin boards and district governing board to promote efficient and coordinated operations. Accordingly, I am of the opinion that legislative designation of a member of the district governing board as ex officio chairman of a basin board is not dual officeholding and, thus, not a violation of Art. II, s. 5(a), supra.
Your question is, therefore, answered in the negative.